IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO MONZON,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>PAM AHLIN,<br><br>　　　　Respondent. | Case No.: 1:11-cv-00846-JLT HC<br><br>ORDER TRANSFERRING MATTER BACK TO THE NORTHERN DISTRICT OF CALIFORNIA |

　　　　On February 11, 2011, Petitioner, a state prisoner proceeding pro se, filed a habeas corpus action pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of California. (Doc. 1). The petition challenges a determination by the Alameda County Superior Court, Oakland, California, that Petitioner is a sexually violent predator ("SVP") under California law. Petitioner contends, inter alia, that the Alameda Superior Court used an illegally adopted diagnostic protocol in its SVP determination, thereby violating Petitioner's federal due process rights. Petitioner asks to have the Alameda Superior Court's SVP determination overturned. Alameda County lies within the jurisdiction of the Northern District.   Petitioner is presently confined at the Coalinga State Hospital, which is located within the jurisdiction of this Court.

　　　　On May 23, 2011, the Northern District of California transferred the case to this Court, citing only the general venue rule for § 2254 proceedings, but providing no further explanation for why

1  such a transfer was appropriate under these facts.  (Doc. 5).

2      In the interest of justice, a federal court may transfer a case filed in the wrong district to the
3  correct district.  See 28 U.S.C. § 1406(a);  Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).
4  In a habeas matter, venue is proper in either the district of conviction or the district of confinement.
5  28 U.S.C. § 2241(d).  Where a petitioner attacks the execution of his sentence, the proper forum in
6  which to review such a claim is the district of confinement.  See Dunn v. Henman, 875 F.2d 244,
7  249 (9th Cir. 1989)(stating, in a 28 U.S.C. § 2241 action, that "[t]he proper forum to challenge the
8  execution of a sentence is the district where the prisoner is confined.")

9      In this case, Petitioner is not challenging the execution of his sentence; rather, he is
10  challenging a SVP determination from the Superior Court of the County of Alameda, Oakland,
11  California, which is located in the Northern District of California.  Therefore, the original petition
12  was properly filed in the United States District Court for the Northern District of California.  The
13  subsequent transfer of this case from the Northern District to this Court appears to have been an
14  inadvertent error.

15      Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States
16  District Court for the Northern District of California.

17
18  IT IS SO ORDERED.
19  Dated:   **June 2, 2011**                                                    **/s/ Jennifer L. Thurston**
                                                                          UNITED STATES MAGISTRATE JUDGE
20
21
22
23
24
25
26
27
28