*E-Filed 10/12/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALFONSO MOUZON, | No. C 11-2907 RS (PR) |
| Petitioner, | **ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |
| v. | |
| PAM ALIN, | |
| Respondent. | |

**INTRODUCTION**

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. The petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. Petitioner has paid the filing fee.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted,

1  unless it appears from the application that the applicant or person detained is not entitled
2  thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in
3  the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See*
4  *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Petitioner challenges his detention imposed by a 2006 determination by the Alameda County Superior Court that he is a sexually violent predator ("SVP") under California law, a determination upheld by the state supreme court against petitioner's 2010 challenge to his on-going detention.  As grounds for federal habeas relief, petitioner claims that (1) the SVP evaluators' handbook was adopted in violation of state laws and regulations; (2) his SVP determination is void because the handbook was illegally adopted; (3) the evaluations in support of SVP charges were invalid because the handbook was illegally adopted; (4) his detention pursuant to the illegal regulations violates his right to due process; and (5) his civil commitment pursuant to the invalid protocol violates his right to due process.

The petition is DISMISSED with leave to amend because it fails to state grounds for federal habeas relief.  Petitioner's claims are predicated on the theory that the handbook was adopted in violation of state law.  State law claims are not remediable on federal habeas review, <u>even if state law was erroneously interpreted or applied</u>.  *See Swarthout v. Cooke*, 131 S. Ct. 859, 861–62 (2011).  It is also unavailable merely because "something in the state proceedings was contrary to general notions of fairness or violated some federal procedural right unless the Constitution or other federal law specifically protects against the alleged unfairness or guarantees the procedural right in state court." *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985).  Furthermore, a petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Longford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).  Rather, a petitioner must show that the state court's determination infringes upon a specific federal constitutional or statutory provision or by depriving the defendant of the fundamentally fair trial guaranteed by due process. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Jammal v. Van de Kamp*, 926 F.2d 918, 919–20 (9th Cir.

1991);   *Middleton*, 768 F.2d at 1085.  Therefore, in his amended petition, petitioner must put forth claims alleging specific facts that his federal constitutional or statutory rights were violated.

Accordingly, the petition is DISMISSED with leave to amend.  Petitioner shall file an amended petition addressing the concerns detailed above within 30 days from the date this order is filed.  The first amended petition must include the caption and civil case number used in this order (11-2907 RS (PR)) and the words FIRST AMENDED PETITION on the first page.  Because an amended petition completely replaces the previous petitions, petitioner must include in his first amended petition all the claims he wishes to present. Petitioner may not incorporate material from the prior petition by reference.  Failure to file an amended petition in accordance with this order will result in dismissal of this action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

**IT IS SO ORDERED**.

DATED:  October 12, 2011

_____
RICHARD SEEBORG
United States District Judge